UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY McPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER L. THURSTON,<br><br>Defendant. | Case No.: 1:26-cv-04156-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS**<br><br>(Doc. 1)<br><br><u>14-Day Objection Period</u><br><br>Clerk of the Court to Assign District Judge |

Plaintiff Michael Bruce Anthony McPherson is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal

2

rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

#### A.  Plaintiff's Complaint

Plaintiff identifies "Jennifer L. Thurston" as the sole defendant in this action. (Doc. 1 at 1-2.) Asked about previous lawsuits filed while a prisoner, Plaintiff wrote "N/A." (*Id*. at 2.) He asserts a single claim for relief and identifies his constitutional or other federal right violated as "Failure to Act on a Ministerial Duty" and the issue involved as "Other: Negligence." (*Id*. at 3.) By way of relief, Plaintiff seeks the following: "Order the Clerk Directly, to Send an Order Directly to (SATF Prison) and Order the Prison to Directly Release Me from Prison, Discharged Me from Custody Immediately." (*Id*. at 6.)

#### B.  Plaintiff's Sole Claim for Relief

The entirety of Plaintiff's claim reads as follows:

> On 4/30/2026 at 07:41 AM PDT, through a "Judicial Declaration" signed by (USMJ Christopher D. Baker) which acknowledged that "I am Royal Sovereign, King and God" also "Release from Prison, Discharge from Custody Immediately" and "restored Royal Status and all my Property in my Quitclaim Deed, in Case No. 1:26-cv-

3

02853-JLT-CDB.

> This is established by a court declaration in which United States District Judge Jennifer L. Thurston refused a "absolute duty" required by law owed to "God" or "the sovereign."

> According to law and principles, sovereign has no limits of restraints and or not subjected to law.

(*See* Doc. 1 at 3.) Plaintiff entered "N/A" under the "Injury" and "Administrative Remedies" sections. (*Id*.)

### C. Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint reveals its factual contentions are clearly baseless. Plaintiff alleges Magistrate Judge Chistopher D. Baker issued and signed a "'Judicial Declaration'" on April 30, 2026, in case number 1:26-cv-02853-JLT-CDB, acknowledging Plaintiff as a "''Royal, Sovereign, King and God,'" required his "'discharge from custody immediately'" and "'restored Royal status ....'" A review of the docket for that action reveals otherwise.

More specifically, on April 30, 2026, Judge Baker issued Findings and Recommendations to Dismiss Action as Frivolous. (Doc. 9.) The language Plaintiff relies upon in his complaint here is merely Judge Baker's recitation of Plaintiff's claim in that case. (*See* 2:26-2853 Docket, Entry No. 9 at 4.) In his analysis, Judge Baker concluded Plaintiff's complaint contained "fantastical claims" and thus recommended it be dismissed as frivolous. (*Id*. at 4-5.) Those findings are not a "Judicial Declaration" requiring District Judge Jennifer L. Thurston to release Plaintiff from

4

custody. Judge Baker made no such finding. In fact, the only duty required of Judge Thurston following issuance of the Findings and Recommendations was performed on May 18, 2026, when, following a de novo review, Judge Thurston issued her Order Adopting Findings and Recommendations to Dismiss Action as Frivolous. (Doc. 11.) That same date, judgment was entered (Doc. 12) and the case was closed.

Simply put, Plaintiff's complaint is frivolous because his claim is irrational, fantastical and clearly baseless. *Denton*, 504 U.S. at 32-33; *Neitzke,* 490 U.S. at 325, 328; *Howell,* 2021 WL 3602139, at *1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Therefore, the undersigned will recommend this action be dismissed.

### IV.    ORDER AND RECOMMENDATION

Accordingly, the Court directs the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as frivolous and without leave to amend, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

//

5

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

6